Loizos, et ux., Appellants, *v.* Mutual of Omaha Insurance Co.

Argued April 8, 1974. Before WATKINS, P. J., JA-COBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Samuel J. Goldstein,* for appellants.

*William Tighe,* with him *Arthur R. Gorr,* and *Stein & Winters,* for appellee.

OPINION BY HOFFMAN, J., September 23, 1974:

Appellants contend that the lower court erred in entering a compulsory nonsuit against them for failure to prove the essential elements of duress and undue influence alleged to have been practiced by the appellee in procuring an elimination rider.

For a successive period of time beginning in 1950, the appellants, Mr. and Mrs. Loizos, were insured with the appellee, Mutual of Omaha Insurance Company, under a hospitalization policy. In October 1960, Mrs. Loizos was hospitalized for a condition known as lupus erthematosus, a rare and debilitating skin disease. As a result of a long hospital stay and an equally drawn-

out period of disability, appellants made a claim under their policy for considerable bills. The claim remained unpaid through October 1961 when a Mutual of Omaha representative, Harry O'Neil, visited the appellants at their home.

During this and five additional visits, each lasting between thirty minutes to an hour, Mr. O'Neil allegedly accused the appellants of falsifying their application of insurance and wrongfully making claims under the policy. On each visit, without supporting these charges, O'Neil insisted that the appellants sign an elimination rider removing Mrs. Loizos from the policy. By this time, Mrs. Loizos, while able to descend the staircase in her home, was still quite helpless and very ill. After each such visit, Mrs. Loizos became very distressed and weakened by the continual badgering of the insurance company's representative. Finally, although he knew that the document he was asked to sign would eliminate his wife from the policy and despite his feeling that the charges made by Mr. O'Neil were unfounded, Mr. Loizos, concerned about his wife's health and welfare, signed an elimination rider.

After signing said rider, Mr. Loizos was handed a check in the amount of $1700.00, which he later stated he believed to be in partial payment of his wife's claim for earlier hospitalizations. A copy of the rider was never delivered to the appellants. In 1965 and 1966, Mrs. Loizos was again hospitalized for her condition, for which no claims were made under the policy. In October 1969, three years after this last hospitalization and eight years after the signing of the elimination rider, appellants following the advice of counsel tendered a check representing back premiums for Mrs. Loizos under the policy. When the check was refused, appellants instituted suit alleging that the appellee had used duress and undue influence to compel the parties to sign the rider.

Defendant, Mutual of Omaha, filed timely preliminary objections to plaintiffs' Complaint, denying the factual basis of plaintiffs' suit and also claiming that the suit should be dismissed because it had been instituted beyond the period of limitations.[1] These objections were denied. At the close of plaintiffs' case, defendant moved for a compulsory nonsuit. Said motion was granted. The court below relied on its conclusion that plaintiffs had failed to establish a case of duress or undue influence. In so deciding, the court refused to consider the defendant's allegation that the suit should have been barred by the statute of limitations, saying that its determination on other grounds made it "unnecessary" to rule on the limitations issued.

We have examined the record, and while we believe that under different circumstances the matter would have been remanded to the court below for further proceedings,[2] appellants' appeal must be dismissed as barred by the statute of limitations.

Both under the common law and the existing case law, a contract obtained under duress or undue influ-

---

[1] Under the Act of March 27, 1713 (12 P.S. §31), there is a six-year statute of limitations for all contract actions.

[2] The extremely pitiful and compelling factual history of this case moves this Court to express its opinion that the appellee escapes liability only because of the correctness of its assertion that appellants' suit was brought beyond the period of limitations. Under our law, the acts of appellee's representative clearly constituted undue influence and duress practiced upon a family injured by and sensitive to any disturbing force. Mrs. Loizos was suffering during the repeated visits of this representative from a horrible disease which renders its victims helpless and often is fatal. In her convalescent and weakened state, Mrs. Loizos and her concerned husband were exposed to a callous and indifferent series of verbal abuse. In this atmosphere, the injurious and fateful signing was obtained. We believe that the lower court erred in dismissing the case for reason that the appellants had failed to prove a case of duress or undue influence. Absent the limitations bar, we believe the appellants had proven a prima facie case sufficient to take the case to a jury.

ence is merely voidable continuing in operative effect until the injured party acts in opposition to the contract. As the Restatement of Contracts, §495 provides: "Where the duress of one party induces another to enter into a transaction, *the nature of which he knows or has reason to know,* and which he was under no duty to enter into, the transaction is voidable against the former and all who stand in no better position . . . ." (Emphasis added).

In the instant case, the record establishes that the Loizoses were aware of the nature of the transaction with O'Neil. The appellants had a complete understanding that the rider, if signed, would eliminate Mrs. Loizos from the policy. The contract so obtained, though possibly under duress or undue influence and though voidable, was not challenged until eight years after the signing of the rider. Such challenge by institution of an assumpsit action came too late in the legal timetable. While this Court frowns upon the practices of insurance companies using high-pressure tactics to escape coverage, we cannot give a cause of action vitality when it fails for lack of timely prosecution. We shall surely do equity whenever possible, but may not act in derogation of the express limitations enacted by our Legislature.

For the above stated reasons, the decision of the court below is affirmed.

JACOBS and CERCONE, JJ., concur in the result.

---

DISSENTING OPINION BY SPAETH, J.:

On questions of this difficulty, I do not think we should reach a decision when the matter has not been briefed by both parties and the lower court has neither made findings of fact nor written an opinion with respect to it. I would remand for findings of fact and an opinion on the statute of limitations question.

WATKINS, P. J., joins in this dissenting opinion.