## Warrington Sewer Co. v. Warrington Township

Charles J. King, Jr., for plaintiff.
William M.R. Casey, for defendant.

RUFE, *J.*, April 30, 1982—Plaintiff has filed exceptions to our adjudication and decree nisi denying plaintiff's request for equitable relief in the form of an injunction.

Plaintiff sued in equity seeking to be excused from performing under an agreement signed October 7, 1965. Plaintiff alleges the invalidity of said contract because plaintiff was forced to enter into the contract under economic duress, and further, that the contract was without consideration.

The facts are undisputed. On or about October 7, 1965, plaintiff, Warrington Sewer Company, executed a written agreement with defendant, Warrington Township, granting the township a ten year option to buy its sewer plant for one dollar. The sewer plant and system was constructed to accommodate a housing development being constructed by Meade Construction Company, Inc., a corporation owned by the stockholders of the sewer company, which also was a signatory to the option agreement. The development construction was to be financed by a loan of approximately $800,000 from Traveller's Insurance Company. The loan commitment required Meade Construction to settle their mortgage financing with Traveller's by October 8, 1965, the day after the agreement here in question was signed. Further, in order to complete the mortgage settlement, Meade Construction was required to produce the subdivision plans for the development, approved and properly executed by the Warrington Township Supervisors.

In 1971, when defendant attempted to exercise its option, plaintiff responded by instituting the instant action. Plaintiff alleges in its complaint that under the circumstances, i.e., the October 8 settlement deadline and the possibility of a mortgage foreclosure against it, the agreement was signed

under the compulsion and economic duress of defendant, and the agreement is, therefore, null and void and of no force or effect whatsoever.*

In its decree nisi, this court held that the agreement was valid and binding and denied plaintiff's request for an injunction. From this decision, plaintiff filed the exceptions which are presently before the court.

In its exceptions, plaintiff contends that the court erred in finding: (1) that a valid and binding contract existed; and (2) that plaintiff failed to prove duress sufficient to void the contract. The court held that plaintiff failed to prove its case of economic duress as too many questions remained vis-a-vis the alternatives open to plaintiff at the time, i.e., whether the settlement date could have been changed or whether financing was available from another source (Adjudication, P. 5).

To establish economic duress, there must exist such pressure of circumstances which compels the injured party to involuntarily or against its will execute an agreement which results in economic loss, and the injured party must not have an immediate legal remedy. National Auto Brokers Corp. v. Aleeda Development Corp., 243 Pa. Super. 101, .364 A.2d 470 (1976). After reviewing the record, we hold that the court properly reached its conclusion. Although it was well established that plaintiff was under pressure in having the subdivision plans approved and signed, the record is void of any evidence establishing that there were no alternatives open to plaintiff. The township had nothing to do with fixing the time of settlement with Traveller's, nor did the township

---

* Plaintiff raised several other issues in its complaint, none of which were briefed by the parties. Consequently, the court deemed those issues abandoned.

receive any money from it. It is also established that the plaintiff did not request an extension of time from Traveller's for the settlement.

Further, it is not clear from the record whether the execution of this agreement resulted in economic loss to the plaintiff. The record establishes that in calculating the purchase price of the homes in the development, Meade Construction included in the price a pro-rata portion of the cost of the sewers. It is not clear from the record whether the costs were totally recovered or not.

Accordingly, we hold that the court properly concluded that plaintiff failed to prove economic duress and hereby dismiss plaintiff's exceptions No. 1 and 2.

Plaintiff excepts to the court's conclusion that plaintiff ratified the October 7, 1965 agreement. Plaintiff contends that the agreement was contrary to public policy, was without consideration and, therefore, was void and not capable of being ratified. However, after reviewing the record, we find no evidence to establish that the agreement was against public policy or without consideration.

It is clear that the defendant, a second class township, has the power to contract (Act of May 1, 1933, P.L. 103, Art. VIII, §802, as amended, 53 P.S. §65801), and the power to acquire sewers (Act of May 1, 1933, P.L. Art. XV, §1535, as amended, 53 P.S. §66535). Further, at the time of the signing of the agreement, a sewage feasibility study had not yet been completed and the plaintiff was requesting the township to approve the plans prior to the completion of the study in order to assist Meade Construction in its procurement of mortgage money. The township agreed to sign the plans prior to the results of the feasibility study and in return, plaintiff

agreed to give the township the option to purchase the plant for one dollar.

We find this to be sufficient consideration to support the contract and, therefore, hold that the contract is not void for either public policy reasons or lack of consideration. Accordingly, we hereby dismiss plaintiff's exceptions No. 5 and 6.

In its decree nisi, the court held that, assuming arguendo, there was sufficient economic duress on the part of the defendant to create a voidable contract, then that contract was ratified by the plaintiff by its failure to challenge the agreement prior to 1972. Plaintiff excepts to this conclusion by the court.

It is clear that a contract obtained under duress or undue influence is merely voidable, continuing in operative effect until the injured party acts in opposition to the contract. Loizos v. Mutual of Omaha Insurance Company, 229 Pa. Super. 552, 326 A. 2d 515 (1974). Further, a party who possesses a power of voiding a contract executed under business duress or coercion, loses it by electing to affirm or ratify the transaction. National Auto Brokers Corp. v. Aleeda Development Corp., supra. Ratification results if a party who executed a contract under duress accepts the benefits flowing from it, or remains silent, or acquiesces in the contract for any considerable length of time after the party has the opportunity to annul or avoid the contract. Id.

In this case it is clear that nothing was done to challenge the validity of the agreement until this action was commenced in 1972, more than six years later. The record establishes that no formal objections were voiced by the officers of Meade Construction or Warrington Sewer prior to the action commenced in 1972. Accordingly, we hold the court

acted properly in finding ratification and we hereby dismiss plaintiff's exception No. 3.

In exceptions No. 7 and 8, plaintiff excepts to the court's failure to adopt plaintiff's suggested findings of fact No. 12, 14, 15, 19, and 20 and plaintiff's suggested conclusions of law No. 3, 4, 5, 6, 7, 8, 9, 10, 11 and 12. After carefully reviewing the record, we hold that the court properly refused to adopt the aforementioned items as they are either irrelevant to the issues involved, or are not supported by the record. Accordingly, we hereby dismiss plaintiff's exceptions No. 7 and 8.

Finally, plaintiff excepts to the court's conclusion that plaintiff is not entitled to equitable relief. For the reasons enunciated in this opinion, we dismiss plaintiff's exception No. 4.

Accordingly, we enter the following

### FINAL ADJUDICATION AND DECREE

And now, this April 30, 1982, it is hereby ordered and decreed that plaintiff's exceptions to the decree nisi entered October 1, 1981, are hereby dismissed and the said decree nisi is hereby made absolute.