465 A.2d 24

**John S. HUNSICKER and Marjorie M. Hunsicker, Appellants,**

**v.**

**Robert W. CONNOR, M.D. and North Penn Hospital.**

Superior Court of Pennsylvania.

Argued April 6, 1983.

Filed Aug. 26, 1983.

Petition for Allowance of Appeal Denied Jan. 20, 1984.

Michael J. Clement, Norristown, for appellants.

George H. Knoell, Norristown, for Connor, appellee.

Jan E. DuBois, Philadelphia, for North Penn, appellee.

Before SPAETH, WIEAND, and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in holding that the statute of limitations had barred his action and in granting appellees summary judgment. We disagree and, accordingly, affirm the order of the lower court.

Summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.Civ.P. 1035(b). "To determine the absence of a genuine issue of fact, the court must take the view of the evidence most favorable to the non-moving party, and any doubts must be resolved against the entry of the judgment." *Husak v. Berkel, Inc.,* 234 Pa.Superior Ct. 452, 458, 341 A.2d 174, 177 (1975). So viewed, the facts are as follows:

On November 22, 1974, appellant was injured when fragments of a steel button he was hammering flew into his left eye. Appellant sought treatment from appellee, North Penn Hospital and was referred to a local eye clinic where appellee, Dr. Connor, treated him. No x-rays were taken, but Dr. Connor prescribed antibiotics and appellant's blurriness and hemorrhaging soon abated. Appellant had no further difficulties until early in 1976 when the redness and blurriness recurred. Eyeglasses prescribed by an optometrist failed to alleviate the problem and appellant went to Dr. Louis Goldberg, an opthamologist, in September 1976. Appellant informed Dr. Goldberg of his accident and subsequent treatment by Dr. Connor. Dr. Goldberg ordered x-rays and on October 5, 1976 informed appellant that a foreign object was in his left eye. Dr. Goldberg referred appellant to Dr. William H. Annesley, Jr., who, following an ultra-sound examination, concurred in Dr. Goldberg's findings. On October 14, 1976, Dr. Annesley explained his findings to appellant and informed him that a foreign object remained in his eye from the 1974 accident, and instructed him to seek medical coverage from his employer's insurer. On October 26, 1976, Dr. Annesley attempted to surgically remove the foreign object using a magnet. Although the object moved, indicating magnetic qualities, it had become too encapsulized to be removed magnetically. The object was surgically removed on December 2, 1976 but appel-

lant's condition continued to worsen and he eventually lost all vision in his left eye on January 13, 1977. Appellant's counsel submitted the facts of the case to a medical-legal consultant and received a report on April 12, 1978 suggesting that appellees had been negligent in their treatment of appellant.

On November 17, 1978, appellant brought this action against appellees, Dr. Connor and North Penn Hospital alleging malpractice in their 1974 treatment. Appellees raised the affirmative defense of statute of limitations in their new matters. Following the taking of depositions and the filing of an amended complaint and amended new matters, appellees moved for summary judgment. The lower court granted summary judgment determining that appellant discovered the injury no later than October 14, 1976 and thus his complaint filed 25 months later was barred by the statute of limitations. This appeal followed.

■■■ "It is well established that an individual asserting a cause of action is required to use due diligence to properly inform himself or herself of the facts and circumstances upon which the claimed right of recovery is based and to institute suit within the applicable statute of limitations." *Petri v. Smith*, 307 Pa.Superior Ct. 261, 268, 453 A.2d 342, 346 (1982). *See Schaffer v. Larzelere*, 410 Pa. 402, 405, 189 A.2d 267, 269 (1963). In personal injury cases, "Pennsylvania courts have repeatedly construed this statute of limitations as commencing to run from the time plaintiff discovered or should reasonably have discovered the cause of harm or injury." *Acker v. Palena*, 260 Pa.Superior Ct. 214, 219, 393 A.2d 1230, 1232 (1978). *See Ayers v. Morgan*, 397 Pa. 282, 154 A.2d 788 (1959). In determining when a discovery is or should have been made, "three independent phases of knowledge must be known or knowable to plaintiff before the limitation period commences: (1) knowledge of the injury; (2) knowledge of the operative cause of the injury; and (3) knowledge of the causative relationship between the injury and the operative conduct." *Anthony v. Koppers Co., Inc.*, 284 Pa.Superior Ct. 81, 96–97, 425 A.2d 428, 436,

*reversed on other grounds* 496 Pa. 119, 436 A.2d 181 (1981). *Accord Petri v. Smith, supra; Stein v. The Washington Hospital,* 302 Pa.Superior Ct. 124, 448 A.2d 558 (1982).

■ Appellant contends that the lower court erred in finding that the statute of limitations began to run no later than October 14, 1976. We disagree. On October 5 and October 14, 1976, appellant was informed by Dr. Goldberg and Dr. Annesley that his eye problems were being caused by a foreign body remaining in his eye from the 1974 hammer accident. (Hunsicker Deposition at 21–26) (October 15, 1976 Letter of Dr. Annesley to Dr. Goldberg). In fact, Dr. Annesley instructed appellant to seek insurance coverage from his 1974 employer's carrier. Thus, appellant was aware of the foreign body and its origin more than six weeks before its actual removal.[1] He was also aware at that time that appellees had failed to remove or even detect the object in their treatment. On October 14, 1976, appellant had the salient facts concerning the occurrence of his injury and who or what caused it and was thus able to investigate and pursue his claim. *Staiano v. Johns Manville Corp.,* 304 Pa.Superior Ct. 280, 288, 450 A.2d 681, 685 (1982). He was then required to do "all those things that a statute of limitations is meant to provide time for: an opportunity to select and consult with a lawyer, investigation, initiation of suit, discovery, joinder of additional par-

1. Appellant contends that the statute did not begin to run until the object was actually removed because it was not until then that he was positive that the object was a metal fragment from his earlier accident. However, both Dr. Goldberg and Dr. Annesley apprised appellant of the existence of the object and its origin well before the December 2, 1976 surgery to remove it. Thus the contention suggesting a later discovery date is meritless. Alternatively, appellant contends that he did not know of the "injury" until he totally lost his vision in January, 1977. Injury occurs "when the act heralding a possible tort is physically objective and ascertainable." *Shadle v. Pearce,* 287 Pa.Superior Ct. 436, 440, 430 A.2d 683, 685 (1981), *quoting, Ayers v. Morgan,* 397 Pa. 282, 290, 154 A.2d 788, 792 (1959). The blurriness, redness, and sensitivity to light that appellant was experiencing as of October 14, 1976 constituted physically objective and ascertainable damage. Thus, this suggested date must also be rejected.

ties, etc." *Keating v. Zemel,* 281 Pa.Superior Ct. 129, 134 n. 4, 421 A.2d 1181, 1183 n. 4 (1980).[2] Accordingly, the lower court did not err in finding the complaint untimely filed.

Appellant contends that even if the statute of limitations had begun to run by October 14, 1976, the lower court erred in not excusing the late filing because of counsel's manic-depressive condition. "The defense of the statute of limitations is not technical but 'substantial and meritorious ... [such statutes] are vital to the welfare of society and are favored in the law.'" *Insurance Company of North America v. Carnahan,* 446 Pa. 48, 51, 284 A.2d 728, 729 (1971), *quoting Schmucker v. Naugle,* 426 Pa. 203, 205, 231 A.2d 121, 123 (1967). "[M]ere mistake, misunderstanding or lack of knowledge do not toll the running of the statute of limitations." *Walters v. Ditzler,* 424 Pa. 445, 449, 227 A.2d 833, 835 (1967). *See Schaffer v. Larzelere, supra.* Although "we shall surely do equity whenever possible, ... we may not act in derogation of the express limitations enacted by our Legislature." *Loizos v. Mutual of Omaha Insurance Co.,* 229 Pa.Superior Ct. 552, 556, 326 A.2d 515, 517 (1974) (plurality). Even if non-negligent, we do not find counsel's failure or inability to pursue a plaintiff's cause of action a sufficient reason to penalize a defendant and ignore the express mandate of the Legislature. *See United States v. Kubrick,* 444 U.S. 111, 122, 124, 100 S.Ct. 352, 359, 360, 62 L.Ed.2d 259 (1979) (plaintiff's counsel's incompetent advice that no cause of action existed would not toll statute of limitations); *Aguado v. Koutsoubos,* 68 Pa.D. & C.2d 727 (1974) (plaintiff's counsel's failure

---

**2.** Appellant's contention that the statute did not begin to run until he was actually apprised of appellees' negligence by the medical-legal consultant is also meritless. A plaintiff need not know that he has a cause of action before the statute commences. *Staiano v. Johns Manville, supra* 304 Pa.Superior Ct. 280 at 289, 450 A.2d 681 at 684; *Anthony v. Koppers Co., Inc., supra* 284 Pa.Superior Ct. 81 at 96, 425 A.2d 428 at 436. The employment of a medical-legal consultant is the type of investigation the statute of limitations was designed to permit.

to properly investigate will not toll statute of limitations).[3] Accordingly, because no genuine issues of material fact remain to be decided, and appellant's action was clearly brought outside the statute of limitations, we affirm the order of the lower court granting appellees summary judgment.

Affirmed.

**3.** Appellant cites our Supreme Court's decision in *Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979) for the proposition that an attorney's non-negligent failure to timely begin an action should not penalize his client. In *Bass*, however, three members of the Supreme Court were willing to relax their own rule regarding when appeals must be filed. We do not read *Bass* as applying to legislatively mandated limitations for commencing actions.