500 A.2d 414

**Connie INGBER, Appellant,**

v.

**Ralph MEZROW, D.D.S., Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 21, 1985.

Decided Nov. 21, 1985.

Lawrence M. Silverman, Philadelphia, for appellant.

Richard Kolb, Philadelphia, for appellee.

NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA AND PAPADAKOS, JJ.

## ORDER

PER CURIAM:

Appeal dismissed as having been improvidently granted.

LARSEN, J., files a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent; I would reverse the order of the Superior Court and in support thereof quote the dissenting opinion of Judge Vincent Cirillo:

I respectfully dissent from the affirmance of summary judgment in this case. We are asked to apply the enlightened "discovery rule" exception to the two-year statute of limitations governing this action, Act of June 24, 1985,

P.L. 236 § 2 (current version at 42 Pa.C.S. § 5524(2)). *See Ayers v. Morgan,* 397 Pa. 282, 154 A.2d 788 (1959). Under the discovery rule, the statute commences to run from the time the plaintiff discovers or reasonably should discover his injury and its cause. *Acker v. Palena,* 260 Pa.Super. 214, 393 A.2d 1230 (1978). In applying the discovery rule to personal injury actions, this Court has held that the applicable limitations period does not commence to run until the plaintiff can reasonably be held to knowledge of 1) the injury caused him; 2) the operative cause of the injury; and 3) the *causative relationship* between the injury and the operative conduct of the defendant. *Anthony v. Koppers Co.,* 284 Pa.Super. 81, 425 A.2d 428 (1980), *rev'd on other grounds,* 496 Pa. 119, 436 A.2d 181 (1981). *Accord, Hunsicker v. Connor,* 318 Pa.Super. 418, 465 A.2d 24 (1983). My quarrel is with the majority's conclusion that, more than two years prior to the commencement of this action on December 23, 1977, appellant knew or in the exercise of reasonable diligence should have known of the causative relationship between her injury and Dr. Mezrow's conduct.

The majority totally discounts appellant's argument that Dr. Casullo, her treating dentist in October of 1975, misled her as to the cause of her dental problems. The majority holds that this argument "is of no aid since this implies a subjective standard and, in any event, this misadvice, if that it be, cannot be imputed in any way to appellee, Mezrow." Slip op. at 6. I believe this holding fundamentally and erroneously misperceives the thrust of appellant's argument. Her argument implies the opposite of a subjective standard; she is claiming that when she sought the help of an objective specialist, Dr. Casullo, for her dental problems, he failed to inform her that her disease might have stemmed from Dr. Mezrow's conduct, and instead told her the disease was the result of a natural disease process. At that point, after a second doctor had told her, in effect, that her problems had not been caused or worsened by a first doctor's treatment, what further steps could she reasonably be expected to

take to ascertain the true cause of her injury? *See and compare DeMartino v. Albert Einstein Medical Center, Northern Division,* 313 Pa.Super. 492, 460 A.2d 295 (1983) (suit commenced twenty-eight months after conversation with a dentist who told plaintiff specifically that the dentist who worked on him before had a hand in causing the problem); *Petri v. Smith,* 307 Pa.Super. 261, 453 A.2d 342, 347 (1982); *Acker v. Palena, supra; Barshady v. Schlosser,* 226 Pa.Super. 260, 313 A.2d 296 (1973).

It is in my view irrelevant to observe that Casullo's advice "cannot be imputed in any way to appellee, Mezrow." Appellant is not trying to hold Mezrow responsible for Casullo's advice. She is merely trying to advance the fact of that advice as proof that she neither knew *nor had reason to know* of the causative relationship between Mezrow's conduct and her injury.

I fail to see how this case is distinguishable from *Taylor v. Tukanowicz,* 290 Pa.Super. 581, 435 A.2d 181 (1981) (allocatur refused, Jan. 11, 1982). There Taylor had undergone a laminectomy in April 1972; soon thereafter 1) Taylor noticed increased pain in his back; 2) Taylor noticed pain radiating through his right leg, an area which had not been subject to pain before; 3) immediately after the operation a doctor told Taylor he should be able to return to work in a few months, yet Taylor was unable to return to work and in late 1972 was declared totally disabled by the Social Security Administration; 4) beginning in November 1972 Taylor sought treatment from doctors other than those who had performed the surgery; 5) in late 1973 or early 1974 other surgeons performed a second laminectomy on Taylor's back. Despite these occurrences Taylor testified that he did not become aware nor was he advised that he had received improper medical care until January 1976, when he was so advised by his lawyer. Taylor commenced suit on September 14, 1976, 4½ years after the original operation. The trial court granted summary judgment, holding that

the two-year statute of limitations barred recovery. Our Court reversed, holding that under the discovery rule it was a question of fact for the jury whether Taylor had exercised due diligence to discover the relationship between his injury and the operative causative conduct of the surgeons in 1972. *Compare DeMartino v. Albert Einstein Medical Center, supra; Petri v. Smith, supra* (fourteen-year delay between birth of baby and discovery of causative relationship between conduct of delivering doctor and congenital defects held not to raise statute of limitations bar); *see also Hunsicker v. Connor, supra.*

This case is here in the posture of a ruling granting the defendant's motion for summary judgment. As this Court said in *Tukanowicz,*

> Summary judgment may properly be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.C.P. No. 1035(b); *Toth v. City of Philadelphia,* 213 Pa.Super. 282, 247 A.2d 629 (1968). In addition, we are mindful that in considering a motion for summary judgment the court must examine the record in the light most favorable to the non-moving party; that the court's function is not to decide issues of fact but merely to determine whether any such issues exist; and that all doubts as to the existence of a genuine issue of material fact must be resolved in favor of the non-moving party. *Schacter v. Albert,* 212 Pa.Super. 58, 239 A.2d 841 (1968); *Ritmanich v. Jonnel Enterprises, Inc.,* 219 Pa.Super. 198, 280 A.2d 570 (1971). We also note that "ordinarily most questions relating to the applicability of the defense of the statute of limitations are questions of fact to be determined by the jury." 2 *Standard Pennsylvania Practice* 289. Specifically, the question of whether a plaintiff has exercised due diligence in discovering the incidence of his injury is usually a jury question. *Irr-*

*era v. Southeastern Pennsylvania Transportation Authority,* 231 Pa.Super. 508, 331 A.2d 705 (1974); *Carney v. Barnett,* 278 F.Supp. 572 (E.D.Pa.1967). "Whether the statute has run on a claim is usually a question of law for the judge, but where, as here, the issue involves a factual determination, i.e. what is a reasonable period, the determination is for the jury." *Smith v. Bell Telephone Company of Pennsylvania,* 397 Pa. 134, 142, 153 A.2d 477, 479 (1959).

290 Pa.Super. at 585–86, 435 A.2d at 183. *See also Acker v. Palena,* 260 Pa.Super. at 218, 393 A.2d at 1232: "The law on summary judgment is well settled.... This severe disposition should only be granted in cases where the right is clear and free from doubt."

"We cannot say that as a matter of law the appropriate standard of reasonable diligence required more of appellant in this case, nor can we say that it is *clear* that reasonable men could not differ as to what the appropriate standard required of her." *Petri v. Smith,* 307 Pa.Super. at 272, 453 A.2d at 347.

I would reverse summary judgment and remand for further proceedings.