## Zlakowski v. PennDOT

*Louis Kattelman,* for plaintiff.
*Jonathan F. Altman,* for defendant Conrail.
*Jay Lambert,* for defendant Penn Central.
*Alton G. Grube, deputy attorney general,* for defendant PennDOT.

BORTNER, *J.,* March 31, 1986 — Plaintiff brought a personal injury action in Philadelphia County on July 26, 1984, to recover damages for injuries suffered in a dirt bike accident on May 28, 1983, in Bucks County. Plaintiff timely filed suit against the Commonwealth of Pennsylvania, Department of Transportation (hereinafter called PennDOT) and Consolidated Rail Corporation (hereinafter called Conrail) claiming that either one or both defendants owned and/or maintained the place of the injury. The suit was ultimately transferred to Bucks County on November 23, 1984. Both defendants eventually denied ownership of the real estate in question. Subsequently, on June 5, 1985, plaintiff filed an amended civil complaint in Bucks County attempting to add Penn Central Corporation (hereinafter called Penn Central) as a defendant to the suit. Defendant Penn Central filed a motion for summary judgment claiming as a defense the statute of limitations. On January 16, 1986, we granted the motion and dismissed defendant Penn Central from the lawsuit. Plaintiff thereafter filed this appeal.

## DISCUSSION

Plaintiff alleges that constructive fraud, deception or concealment by defendants Conrail and PennDOT serves to extend the accrual date of the cause of action from the date of the accident, May 28, 1983, for at least a period of time until the amended complaint was filed. In particular, plaintiff alleges that defendant Conrail in its answer to plaintiff's original complaint denied ownership of the real estate in question, claiming PennDOT as owner. On June 3, 1985, in its answer to plaintiff's complaint, defendant PennDOT denied ownership of the real estate. Thereafter, plaintiff sought to join defendant Penn Central as a party to the suit. But the period of the statute of limitations had otherwise expired.

Under Pennsylvania law, tort actions such as the one in question must be commenced within two years. The pertinent statute provides:

"The following actions and proceedings must be commenced within two years . . . (2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another. . . ." 42 Pa.C.S. §5524.

The purpose of the statute of limitations is to expedite litigation and to discourage stale claims. Moore v. McComsey, 313 Pa. Super. 264, 270, 459 A.2d 841, 844 (1983). The general rule governing the statute of limitations in such negligence actions is that the period begins to run from the time the negligent act is committed. Id. In the instant case, the statutory period began the date of the accident, May 28, 1983.

Once the injured party discovers the cause of his injuries, he bears the burden of discovering, within the statutory time period, the party or parties whose

negligence or breach of duty was responsible for the event or condition, unless there is a showing of fraud or concealment. Cathcart v. Keene Industrial Insulation, 324 Pa. Super. 123, 139, 471 A.2d 493, 501 (1984). Mere mistake, misunderstanding or lack of knowledge is not sufficient to toll the running of the limitations period. Hunsicker v. Connor, 318 Pa. Super. 418, 423, 465 A.2d 24, 27 (1983). Amending a complaint after the statute of limitations has run to bring in a new and distinct party to the action will not toll the statute. Saracina v. Cotoia, 417 Pa. 80, 83, 208 A.2d 764, 766 (1965).

Only where defendant, through fraud and concealment, causes plaintiff to relax his or her vigilance or to deviate from the road of inquiry is that defendant estopped from invoking the bar of the statute of limitations. Gravinese v. Johns-Manville Corp., 324 Pa. Super. 432, 441-2, 471 A.2d 1233, 1238 (1984). In general, this requires that the defendant must have done something amounting to an affirmative inducement to plaintiff to delay bringing suit. Id.*

The facts of the instant case demonstrate that plaintiff had a duty to determine who owned the real estate in question within a two-year period. He failed to do so. His allegation of fraud and concealment, if found to be true, could serve to toll the running of the statute. Cathcart, supra. But whatever fraud or concealment claims plaintiff makes he makes against defendants Conrail and PennDOT.

---

* The "discovery rule" would also serve to toll the running of the statute but is inapplicable to this case. The discovery rule applies where the injured plaintiff, despite due diligence, is not able to know his injury, or its cause. Pocono International Raceway Inc. v. Pocono Produce Inc. 503 Pa. 80, 468 A.2d 468 (1983).

Plaintiff claims Conrail denied ownership of the real estate, maintaining that PennDOT was the owner. PennDOT did not file an answer until after the statutory period had run against Penn Central. Any alleged fraud or concealment sufficient to estop a defendant from invoking the bar of statute of limitations has no connection to defendant Penn Central. Penn Central has neither concealed nor defrauded plaintiff in this action and may freely invoke the bar of statute of limitations in the instant action.