CLD-216                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3932
_____

RAYMOND BROWN,
Appellant

v.

F. BUCK, JR., #1413; T. FITZPATRICK, #4337; R. CRAWFORD, #1768; J. POTTS,
#4315; A. FRASER, #8666; S. BENNIS, #0117

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-14-cv-02866)
District Judge:  Honorable Thomas N. O'Neill, Junior

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 28, 2015

Before: FUENTES, GREENAWAY, JR. and VANASKIE, Circuit Judges

(Opinion filed:  June 12, 2015)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Raymond Brown, an inmate, appeals the District Court's orders dismissing his civil rights lawsuit and denying his motions for reconsideration. We will affirm.

On May 19, 2014, Brown filed suit under 42 U.S.C. § 1983 alleging that police officers used excessive force against him in March of 2011. Specifically, Brown alleged that immediately after he shot himself in the chest in an attempted suicide, a SWAT officer shot him in the head. Accompanying the complaint, Brown filed a "motion for request to file complaint late," in which he argued that the District Court should treat his complaint as timely filed in light of his mental illness resulting from his injuries. The District Court issued an order dismissing Brown's complaint as time-barred by the statute of limitations and denying his motion "for request to file complaint late."

Brown then filed a "motion for time extension for filing," in which he argued that that the statute of limitations should be equitably tolled because his injuries left him hospitalized; he had to relearn how to eat, walk, and talk; and during this time, he was found incompetent to stand trial in his criminal case and was ordered to complete a 360-day "mental and medical treatment." The District Court denied Brown's motion, finding that he filed a different civil action in district court in September of 2012, which belied his claim that a medical or mental condition hindered his ability to file the current lawsuit.

Brown then filed a motion for reconsideration, arguing that the District Court should equitably toll the statute of limitations because the defendants attempted to conceal the facts surrounding his claim, and that he was not aware of all the

2

circumstances surrounding his lawsuit until the conclusion of his criminal trial for attempted murder of the officers, at which the evidence showed that Brown posed no threat to them. In addition, Brown argued that his criminal attorney advised him that he could not file a civil suit until that case was complete. The District Court denied Brown's motion.

Brown timely filed a notice of appeal, in which he stated his intent to appeal only the District Court's order denying his motion for time extension for filing.[1] Nevertheless, this Court has jurisdiction over any order not specified in the notice of appeal "if (1) there is a connection between the specified and unspecified orders; (2) the intention to appeal the unspecified order is apparent; and (3) the opposing party is not prejudiced and has a full opportunity to brief the issues." Sulima v. Tobyhanna Army Depot, 602 F.3d 177, 184 (3d Cir. 2010) (quotation marks omitted). It is "reasonably clear" that Brown intended to appeal the District Court's order dismissing his suit, as well as the District Court's orders denying his motion for reconsideration. See Gov't of Virgin Islands v. Mills, 634 F.3d 746, 751-52 (3d Cir. 2011). Accordingly, we will review both the District Court's judgment and its denial of Brown's motions for reconsideration. We have jurisdiction over Brown's appeal pursuant to 28 U.S.C. § 1291. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm if the appeal presents no substantial questions. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

We exercise plenary review over the District Court's order dismissing the complaint. See Allah, 229 F.3d at 223. Moreover, we characterize Brown's "motion for extension of time for filing" as a timely-filed motion for reconsideration of the District Court's judgment, see Federal Rules of Civil Procedure 59(e), and we review the denial thereof for an abuse of discretion. N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). We likewise review the denial of the subsequent motion for reconsideration for an abuse of discretion. Id.

When screening a complaint under section 1915, a district court may sua sponte dismiss the complaint as untimely under the statute of limitations where the defense is obvious from the complaint and no development of the factual record is required. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir.2006); Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir.2006); Dellis v. Corr. Corp. of Am., 257 F.3d 508, 511 (6th Cir.2001); Pino v. Ryan, 49 F.3d 51, 53 (2d Cir.1995). As the District Court correctly ruled, Brown's complaint was barred by the statute of limitations. For section 1983 actions based on conduct in Pennsylvania, the statute of limitations is two years from the date the claim accrued. See 42 Pa. Cons. Stat. § 5524(2); Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009). A claim accrues "when the plaintiff knew or should have known of the injury upon which [his] action is based." Kach, 589 F.3d at 634 (internal quotation marks omitted). Brown alleged that the officers used excessive force against him when

---

[1] Because the District Court's order dismissing Brown's complaint was not set out in a separate document, his notice of appeal is timely as to that order. See Fed. R. Civ. P. 58;

4

they shot him on March 22, 2011, and his claim accrued then. Brown's complaint, which he filed over three years later, is thus untimely.

Furthermore, we perceive no abuse of discretion in the District Court's decision to deny Brown's motions for reconsideration. Brown argued that he was entitled to equitable tolling. Equitable tolling is extraordinary relief, and is appropriate only when: (1) a defendant actively misleads a plaintiff regarding his or her cause of action; (2) a plaintiff has been prevented from asserting a claim as a result of other extraordinary circumstances; or (3) a plaintiff has timely asserted his or her claim in the wrong forum. Lake v. Arnold, 232 F.3d 360, 370 n.9 (3d Cir. 2000). Brown argued that he was entitled to equitable tolling because the defendants caused injuries that left him mentally and physically incapacitated, which hindered his ability to file this suit. But as the District Court found, notwithstanding these injuries, Brown pro se filed a different law suit in district court in September of 2012. None of Brown's filings explain why he could not have filed this lawsuit then—well before the statute of limitations expired.

Brown also argued that the statute of limitations should be tolled because the defendants fraudulently concealed the circumstances surrounding his injury. More specifically, Brown claimed that the police officers falsely reported that they shot him in self-defense. Under Pennsylvania's fraudulent concealment doctrine, the statute of limitations is tolled where the defendant undertakes an "affirmative and independent act of concealment that would prevent the plaintiff from discovering the injury despite the

Local Union No. 1992, IBEW v. Okonite Co., 358 F.3d 278, 280 (3d Cir. 2004).

exercise of reasonable diligence." Bohus v. Beloff, 950 F.2d 919, 926 (3d. Cir. 1991). Fraudulent concealment does not render the statute of limitations inoperable. Instead, where the defendant fraudulently conceals the plaintiff's injury, "[the statute of limitations] begins to run as soon as the plaintiff, exercising reasonable diligence, knew or should have known of the injury and its cause." Id. Even assuming, as Brown suggests, the officers falsely reported they shot Brown in self-defense, those statements do not conceal Brown's injury or its cause. Rather, Brown knew of his injury the moment the SWAT officer shot him. Brown's reliance on the doctrine of fraudulent concealment is thus misplaced.

Furthermore, even assuming Brown's criminal counsel advised him that he could not file a civil suit until the criminal case closed, Brown has alleged no grounds for tolling under the discovery rule. The discovery rule applies in cases where the injured party is unable to know that he is injured and to know what caused the injury, despite the exercise of reasonable diligence. Id. However, the standard of reasonable diligence is an objective one and turns on the nature of the injury and whether it is latent, and does not turn on any specific characteristics unique to the plaintiff that might otherwise prevent him from recognizing his injury as a cause of action. See Lake, 232 F.3d at 367. Brown's alleged injuries and the causes thereof were immediately ascertainable, and thus he could have timely brought this lawsuit before the conclusion of his criminal case. Any alleged advice to the contrary does not toll the running of the statute of limitations. See Hunsicker v. Connor, 465 A.2d 24, 27 (Pa. 1983) ("Even if non-negligent, we do not find

6

counsel's failure or inability to pursue a plaintiff's cause of action a sufficient reason" to toll the statute of limitations).  In sum, we perceive no abuse of discretion in the District Court's decision to deny Brown's motions for reconsideration.

Because this appeal presents us with no substantial question, we will summarily affirm the judgment of the District Court.  See 3rd Cir. LAR 27.4 and I.O.P. 10.6.  We also deny Brown's request for appointment for counsel on appeal as his appeal lacks any arguable merit.