435 A.2d 181

**Roy W. TAYLOR, individually, and Roy W. Taylor and Joyce Taylor, as husband and wife, and Joyce Taylor, as the wife of Roy W. Taylor, individually, Appellants,**

v.

**Stanislaw TUKANOWICZ, M.D., Selim El-Attrache, M.D. and Henry Clay Frick Community Hospital,**

v.

**F. W. FEIGHTNER, M.D.**

Superior Court of Pennsylvania.

Argued April 16, 1980.

Filed April 3, 1981.

Reargument Denied July 10, 1981.

Petition for Allowance of Appeal Denied Jan. 11, 1982.

John J. Dean, Pittsburgh, for appellants.

John W. Jordan, IV, Pittsburgh, for Tukanowicz, appellee.

George E. McGrann, Pittsburgh, for El-Attrache, appellee.

John E. Kunz, Pittsburgh, for Henry Clay, appellee.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

LIPEZ, Judge:

This is an appeal from the entry of summary judgment in favor of appellees under Pa.R.C.P. No. 1035. The lower court's grant of summary judgment in this malpractice action was premised upon the expiration of the two year personal injury statute of limitations prescribed by 12 P.S. § 34.[1] We reverse.

In April 1972, appellant Taylor underwent back surgery (a laminectomy) performed by appellee doctors Tukanowicz and El-Attrache at Frick Hospital. This operation is the act from which the malpractice action arises. Taylor's deposi-

1. 12 P.S. § 34 is now substantially re-enacted at 42 Pa.C.S.A. § 5524(2) (1976).

tion testimony establishes that the following events occurred subsequent to the operation and more than two years prior to his filing of the present action: 1) Taylor noticed increased pain in his back; 2) Taylor noticed pain radiating through his right leg, an area which had not been subject to pain prior to the operation; 3) immediately after the operation a doctor informed Taylor that he should be able to return to work within a few months, but despite this advisement Taylor was unable to return to work and, in late 1972, he was declared totally disabled by the Social Security Administration; 4) Taylor ceased receiving treatment from Tukanowicz and El-Attrache approximately five months after the operation, and beginning in November 1972 he sought treatment from numerous other physicians; 5) in late 1973 or early 1974 other surgeons performed a second laminectomy on Taylor's back. In his deposition, Taylor testified that despite these occurrences he did not become aware, nor was he advised by any of these physicians, that he had received improper medical care until January 1976, when he was so advised by his lawyer. Taylor filed this trespass action on September 14, 1976, a period of some 4½ years after the operation.

In their new matter in response to Taylor's complaint, appellees asserted that the two year personal injury statute of limitations barred the action. Taylor's answer to new matter alleged, in general, that although he acted with due diligence he was unable to discover the true nature and extent of his injury until less than two years before he filed the lawsuit.

After the pleadings were closed appellees filed motions for summary judgment based upon the bar of the statute of limitations. These motions were granted by the lower court which held that, in light of the post operation occurrences, "Taylor knew or should have known of his injury by October 12, 1972, at the very latest, which was his last visit to Dr. El-Attrache."

All parties apparently concede that the applicable statutory limitation period is subject to the "discovery" rule.

This rule, a creation of case law, grounded on considerations of basic fairness, has been applied in determining the appropriate limitation period in malpractice actions since *Ayers v. Morgan*, 397 Pa. 282, 154 A.2d 788 (1959).[2] While the rule has been given various formulations, in essence it provides that where "the existence of the injury is not known to the complaining party and such knowledge cannot reasonably be ascertained within the prescribed statutory period, the limitation period does not begin to run until the discovery of the injury is reasonably possible." *Schaffer v. Larzelere*, 410 Pa. 402, 406, 189 A.2d 267, 270 (1963). *See also, Ayers v. Morgan, supra; Ragan v. Steen*, 229 Pa.Super. 515, 331 A.2d 724 (1974); *Acker v. Palena*, 260 Pa.Super. 214, 393 A.2d 1230 (1978). To determine when discovery of the injury becomes reasonably possible, a diligence standard is applied. "[I]t is the duty of one asserting a cause of action against another to use all reasonable diligence to properly inform himself of the facts and circumstances upon which the right to discovery is based and to institute the suit within the prescribed statutory period ... Mere mistake, misunderstanding or lack of knowledge is not sufficient to toll the running of the statute." *Schaffer, supra*, 410 Pa. 405, 189 A.2d 267. *See also, Huber v. McElwee-Courbis Constr'n Co.*, 392 F.2d 1379 (E.D.Pa. 1974).

While Taylor does not dispute the applicability of the two year statute of limitations and the discovery rule, he argues that a genuine issue of material fact exists as to when his discovery of his injury became reasonably possible. Because of the existence of this issue, he contends, summary judgment was improperly granted. We agree.

Summary judgment may properly be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a

2. See the excellent discussion of the historical dvelopment of the discovery rule in *Anthony v. Koppers Company*, 284 Pa.Super. 81, 425 A.2d 428 (1980).

matter of law." Pa.R.C.P. No. 1035(b); *Toth v. City of Philadelphia*, 213 Pa.Super. 282, 247 A.2d 629 (1968). In addition, we are mindful that in considering a motion for summary judgment the court must examine the record in the light most favorable to the non-moving party; that the court's function is not to decide issues of fact but merely to determine whether any such issues exist; and that all doubts as to the existence of a genuine issue of material fact must be resolved in favor of the non-moving party. *Schacter v. Albert*, 212 Pa.Super. 58, 239 A.2d 841 (1968); *Ritmanich v. Jonnel Enterprises, Inc.*, 219 Pa.Super. 198, 280 A.2d 570 (1971). We also note that "ordinarily most questions relating to the applicability of the defense of the statute of limitations are questions of fact to be determined by the jury." 2 *Standard Pennsylvania Practice* 289. Specifically, the question of whether a plaintiff has exercised due diligence in discovering the incidence of his injury is usually a jury question. *Irrera v. Southeastern Pennsylvania Transportation Authority*, 231 Pa.Super. 508, 331 A.2d 705 (1974); *Carney v. Barnett*, 278 F.Supp. 572 (E.D.Pa.1967). "Whether the statute has run on a claim is usually a question of law for the judge, but where, as here, the issue involves a factual determination, i. e. what is a reasonable period, the determination is for the jury." *Smith v. Bell Telephone Company of Pennsylvania*, 397 Pa. 134, 142, 153 A.2d 477, 479 (1959).

 This is not to say that there are not instances where summary judgment may be ordered in malpractice actions based upon a statute of limitations defense. Entry of summary judgment is proper where the plaintiff fails to plead facts sufficient to toll the statute, *Mangino v. Lieber*, 442 Pa. 594, 227 A.2d 823 (1971), *Thompson v. York Valley Motel*, 87 York Leg.Rec. 99 (1973), or admits facts sufficient to admit the limitations defense (*See: Ritmanich v. Jonnel Enterprises, Inc.*, 219 Pa.Super. 198, 280 A.2d 570 (1971); *Goodrich-Amram 2d* § 1035(b)(4), or fails in his response, by affidavits, or as otherwise provided, to set forth facts showing that there is a genuine issue for trial, Pa.R.C.P. No. 1035(d), or where the evidence relied upon by the plaintiff is

inherently incredible (*See Smith, supra*, 397 Pa. at 138, 153 A.2d at 480). However, none of these factors appear to be operative in the present case. The pleadings properly raised the issue of the diligence of the discovery of the injury and Taylor has made no admissions decisive of the issue. Taylor's deposition testimony, examined in the light most favorable to the nonmoving party, sets forth facts marginally sufficient to raise the discovery question, and the evaluation of the truth and credibility of such oral testimony is a jury function. *Cooper v. Columbia Gas of Pennsylvania, Inc.*, 433 Pa. 179, 248 A.2d 852 (1969); *Wilf v. Philadelphia Modeling and Charm School, Inc.*, 205 Pa.Super. 196, 208 A.2d 294 (1965).

In sum, if all doubts as to the existence of a material fact are resolved in Taylor's favor, as they must be, there exists a genuine issue as to when his discovery of his injury was reasonably possible. Given the existence of a genuine issue of material fact, the lower court's grant of summary judgment was incorrect.

The order of the lower court is reversed and the case remanded for further proceedings.