## Hench v. Carpenter

*Robert H. Slivinski,* for plaintiffs.

*P. Richard Wagner,* for defendant Carpenter.

*Terry R. Bossert, Stephen A. Moore,* for defendant Centre Township.

*David C. Eaton, Allan W. Holman,* for defendants Morrow.

*Michael J. Farr,* for defendant Thebes.

QUIGLEY, *P.J.,* June 10, 1985—Plaintiffs commenced this action seeking damages for injuries caused by the alleged negligence of Eugene Carpenter, Centre Township Sewage Enforcement Officer, in issuing a sewage permit. Plaintiffs claim defendant's negligence resulted in the installation of a non-suitable sewer system. This system has malfunctioned since its installation in 1977. Defendants, Eugene Carpenter, Centre Township, W. Zeke Morrow and Francis E. Thebes and Keith G. Thebes, d/b/a Perry County Counstruction Co. have moved for summary judgment. They have raised the defenses of the statute of limitations and governmental immunity. A summary judgment should be issued when there is no issue as to material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b).

The initial determination must be whether the statute of limitations bars this action. The applicable statute of limitations is two years. 42 Pa.C.S. §5524 (Purdon Supp. 1984). Subsection 7 states "any other action or proceeding, to recover damages for injury to person or property which is founded on negli-

gent, intentional, or otherwise tortious conduct or any other action or proceeding in trespass including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter" shall be commenced within two years. Since this subsection specifically relates to the action at bar, the six month and six year statute of limitations do not apply. Plaintiffs state the cause of action arose on June 24, 1976. The action was not commenced until August 1, 1983. Therefore, the action is barred by the two year statute of limitations.

Plaintiffs contend, however, that the statute of limitations is tolled until February 2, 1983 by the actions and representations of defendants and by the "Discovery Rule." The Discovery Rule provides that the start of the statutory period of limitations may be delayed by plaintiff's ignorance of his injury and its cause, until he could or should have discovered it by exercising due diligence. Bickell v. Stein, 291 Pa.Super, 145, 435 A.2d 610 (1981). Defendant argues plaintiffs did not prove the use of due diligence in the discovery of the illegally issued permit. "As a matter of general rule, a party asserting a cause of action is under a duty to use all reasonable diligence to be properly informed of the fact and circumstances upon which a potentional right of recovery is based and to institute suit within the prescribed statutory period." Pocono International Raceway v. Pocono Produce, 503 Pa. Super. 80, 84, 468 A.2d 468 (1983).

The question of whether plaintiff has exercised due diligence in discovering his injury so as to toll statute of limitations is usually a jury question. Taylor v. Tukanowicz, 290 Pa. Super. 581, 435 A.2d 181 (1981). However, entry of summary judgment

is proper where plaintiff fails to plead facts sufficient to toll the statute of limitations. Id. at 184.

In the present case, plaintiffs contend they had no reason to suspect that the permit had been illegally issued until the township changed sewage enforcement officers. However, the existence of a mistake, a misunderstanding or lack of knowledge on the part of the plaintiff is not sufficient to toll the running of the statute of limitations. Walters v. Ditzler, 424 Pa. 445, 227 A.2d 833 (1967), Schaffer v. Zarzelere, 410 Pa. 402, 406 189 A.2d 267, 270 (1963). Plaintiffs further contend that they relied upon the representations of the supervisors who allegedly told plaintiffs they would fix the problem. In an analogous case involving a breach of contract and negligence arising from the design and construction of a roof, the U.S. Middle District Court found that the statute of limitations was not tolled during the period that the architect, general contractor and roofing contractor insisted the defects could be remedied. Cluett v. Campbell, 492 F. Supp 67 (M.D., PA, 1980).

Even if it is assumed that the statute of limitations is tolled, the action is barred by the defense of governmental immunity. "Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S. §8541. The immunity is not absolute. A governmental unit could be held liable for damages on account of injuries to persons or property if (1) the damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under governmental immunity, and (2) the injuries were the result of negligent acts of the po-

litical subdivision or employees acting within the scope of his employment with respect to one of the categories listed in the act. 42 Pa.C.S. §8542(a).

None of the exceptions listed in §8542(b) are applicable. The only exceptions arguably applicable are subsections, (2) care custody or control of personal property, and subsection (5) utility service facilities. As stated in this court's opinion in a similar case, Wagner v. Pace, no. 81-536, Slip. op. (C.P. Perry Co. May 19, 1982), the requirements for these two subsections are not met. In Wagner v. Pace, the court found a sewer system was not "personal property" as required by subsection (2). The court also found subsection (5) inapplicable because the sewer facility was not owned by the local agency nor located within rights of way.

In a Lackawana County case, an action against a local government agency based on its failure to perform certain tests and/or willful misrepresentation to landowners concerning a lot acceptability for normal on-lot sewage disposal did not fall within any of the exceptions to governmental immunity under §8842 and is thus barred. Munley v. Spring Brook Tp., 28 D.&C. 3d 254, 1982.

Plaintiffs argue that the defense of governmental immunity does not apply because the cause of action arose in July 1976 subsequent to the abolishment of sovereign immunity by Ayala v. Philadelphia Board of Education, 453 Pa. 584, 305 A.2d 877 (1973) and prior to the Political Subdivision Tort Claims Act passed November 26, 1978. Plaintiffs claim it is the breach of the duty which gives rise to the cause of action. Since this duty was breached on June 24, 1976, they argue governmental immunity should be applied as of this date. However, the effect of the discovery rule as applied to the statute of limitations, is to delay the accrual of a cause of ac-

tion from the time of defendant's negligent conduct to when the injury becomes known or knowledgeable to the plaintiff. Stein v. Richardson, 302 Pa. 184, 448 A.2d 558 (1982). Consequently, in this case if the discovery rule is applied for statute of limitations purposes the cause of action accrued on February 3, 1983. This is logically the point in time when the governmental immunity defense should be applied. As held in a Dauphin County opinion, plaintiffs cannot argue for statute of limitations purposes that their cause of action did not arise until November 1982, and then argue for immunity purposes that the cause of action arose prior to the effective date of the act. Hurst v. East Hanover Township, 105 Dauph. 172 (1984). "Plaintiffs cannot hold with the hare and run with the hounds." Id at 172.

Courts have not specifically addressed the issue of what point in time governmental immunity should be applied. Nevertheless, in Munley v. Spring Brook Twp., the court applied the current governmental immunity statute even though the sewer permit was issued on or about May 1, 1977. 28 D.&C. 3d 254 (1982). Although the issue was not addressed, it can be inferred from the opinion that the date at which the immunity defense becomes applicable is the date when the suit is brought. Whether the governmental immunity statute applies on the date of the accrual of the cause of action or the date the action is brought, plaintiffs in this case are barred by the governmental immunity statute.

In conclusion, if the statute of limitations is not tolled, the cause of action is barred by the two year statute of limitations. If the statute of limitations is tolled until February 3, 1983, the action is barred as to Carpenter and Centre Township by the govern-

mental immunity statute enacted on October 5, 1980. The non-governmental additional defendants are clearly insulated from suit by the statute of limitations.

Summary judgment will be ordered.

## ORDER

And now, June 10, 1985, in accordance with the within memorandum, the motions for summary judgment are granted and the action dismissed.