**Ohio Casualty Insurance Co. v. Weaver**

*Patricia A. Butler,* for plaintiff.
*Steven L. Banko Jr.,* for defendant.

HORN, *J.,* June 26, 1992—This matter is before the court on the plaintiff's motion for summary judgment. For the reasons stated in this opinion, plaintiff's motion is refused.

On April 16, 1988, the defendant was a passenger in an uninsured vehicle that was involved in a one-car accident. On June 14, 1990, defendant filed a claim with plaintiff, his insurance carrier, for uninsured motorist benefits. The plaintiff's right of subrogation had already been lost because the two-year tort statute of limitations had expired.

Defendant claims that he did not file a claim sooner because he felt that the driver was judgment proof and because defendant did not know that he could recover from his own insurance carrier. Plaintiff denied defendant's claim on August 15, 1990.

On November 28, 1990, plaintiff instituted a declaratory judgment action, seeking a determination that the policy issued to the defendant no longer provides uninsured motorists coverage for the loss that occurred on April 16, 1988, because plaintiff's subrogation rights against the driver of the uninsured vehicle were barred. Plaintiff has filed a motion for summary judgment.

A motion for summary judgment should be granted where the whole record shows that there is no genuine

issue of material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b). The function of the court is not to decide issues of fact but to discern if such issues exist. *Taylor v. Tukanowicz,* 290 Pa. Super. 581, 586, 435 A.2d 181, 183 (1981). The moving party has the burden of proving that no genuine issue of material fact exists, and all doubts are to be resolved against the granting of summary judgment. *Penn Center House Inc. v. Hoffman,* 520 Pa. 171, 176, 553 A.2d 900, 903 (1989).

The issues are whether the defendant has materially breached the insurance contract, resulting in prejudice to the plaintiff, by: (1) failing to protect plaintiff's subrogation rights when defendant did not notify plaintiff of the loss until more than two months after the two-year tort statute of limitations had run, and/or (2) failing to "promptly" notify plaintiff of the loss as required by the contract.

As to the first issue, both parties cite *Boyle v. State Farm Auto. Insurance Co.,* 310 Pa. Super. 10, 456 A.2d 156 (1983), in which the court held that a claim for uninsured motorist benefits is governed by the six-year contract statute of limitations rather than the two-year tort statute of limitations. *Boyle, supra,* at 22, 456 A.2d at 162. In its discussion of the case, the court reasoned that in balancing the equities, the insurer's interest in subrogation is not sufficient to mandate that the insured bring its uninsured motorist claim within the two-year tort statute of limitations. *Id.* at 17, 456 A.2d at 160. Following this line of reasoning, the insured may bring its uninsured motorist claim up to four years after the insurer's right of subrogation has expired.

The plaintiff argues that an insured's failure to protect an insurer's subrogation rights is justifiable grounds for an insurer to deny uninsured motorist coverage to its in-

sured. In support, plaintiff cites three cases, two of which are inapplicable because they involve third-party coverage rather than uninsured coverage. The third case cited by plaintiff is *MacCurdy v. Erie Insurance Exchange,* 138 Pitts. Leg. J. 285 (1990).

In *MacCurdy, supra,* the insurer denied the insured's claim for uninsured motorist benefits and the court upheld the award of arbitrators in favor of the insurer. Before the two-year statute of limitations had run, the insurer notified the insured of the desirability of filing an action against the uninsured driver, but the insured never filed an action against the uninsured driver. The court found that the insured had failed to protect the insurer's subrogation rights and reasoned as follows:

"Though *Boyle* clearly holds that the applicable statue of limitations in an action by the insured against his insurer is the six-year period associated with contracts, *Boyle* does not hold that an insurer may not require that its subrogation rights be protected throughout that six-year period." 138 Pitts. Leg. J. at 286.

The defendant argues that plaintiff's obligation to pay is contractual and that pursuant to *Boyle,* he is entitled to seek uninsured motorist benefits any time within the six-year contractual statute of limitations period, even if the insurer's subrogation rights are prejudiced. The defendant factually distinguishes *MacCurdy, supra,* wherein the insurer specifically requested its insured to institute action against the uninsured motorist and the insured knowingly failed to do so.

We conclude, pursuant to *Boyle,* that the insured may make a claim for uninsured benefits after the two-year tort statute of limitations has passed, even though the insurer's subrogation rights have been lost, unless the

insured knowingly prejudices the insurer's subrogation rights such as in *MacCurdy, supra.*

In the present case, there is a factual question as to whether the defendant knowingly failed to protect plaintiff's subrogation rights. Defendant avers that he did not know that he could recover from his own insurance carrier, and our experience indicates that many people do not really know of their right to collect uninsured motorist benefits from their own insurer. Defendant's explanation is plausible and summary judgment is precluded.

With respect to the second issue, the insurance company must prove that the notice provision was breached because he failed to promptly notify the insurer of a claim and that the breach resulted in prejudice to the insurer's position. *Brakeman v. Potomac Insurance Co.,* 472 Pa. 66, 76-77, 371 A.2d 193, 198 (1977). Plaintiff argues that as a matter of law it has been prejudiced by defendant's delayed notification of the claim.

In support of its position, plaintiff cites *Metal Bank of America v. Insurance Co. of North America,* 360 Pa. Super. 350, 520 A.2d 493 (1987), wherein the insured was notified in 1972 of the responsibility for an oil spill and negotiated with the U.S. Environmental Protection Agency until 1980. The EPA brought suit in 1980 and the insured defended the suit for two years before finally notifying its insurer of the incident. The insured brought a declaratory judgment action against insurers seeking indemnification for costs, attorney fees, etc. arising from its defense of the action brought by the EPA. In granting summary judgment to insurers, the court held, as a matter of law, that there had been untimely notice and prejudice to the insurer. *Metal Bank* at 359, 520 A.2d at 498.

The defendant argues that plaintiff has failed to prove that the notice provision was breached or that the alleged breach resulted in prejudice and that these are questions

for the jury. As to the issue of material breach, defendant states that the term "promptly" is not defined in the contract and that the contract does not provide a time frame within which to report a claim nor specify a penalty for failing to report a claim within a certain time. As to prejudice, the defendant argues that unless the insurer specifically requires action within the two-year tort statute of limitations, the insurer has no relief.

We conclude that there is a factual dispute as to whether the defendant failed to give plaintiff prompt notice of the claim and as to whether the plaintiff was prejudiced. *Metal Bank, supra,* is distinguishable because it represents an extreme case of delay on the part of the insured. We also note that prejudice to plaintiff is doubtful since its subrogation rights would have been against an uninsured driver who was probably judgment proof. Finally, we observe that defendant paid a premium for his uninsured benefits and is thus collecting contractual benefits from plaintiff for which he, the defendant, paid value.

## ORDER

And now, June 26, 1992, plaintiff's motion for summary judgment is refused.