Dolores TARZIA, Administratrix of
the Estate of Cosimo Tarzia,
Deceased, Appellant,

v.

AMERICAN STANDARD, Appellee.

Superior Court of Pennsylvania.

Argued Oct. 25, 2007.

Filed May 21, 2008.

Robert E. Paul, Philadelphia, for appellant.

Michael J. Panichelli, Philadelphia, for appellee.

BEFORE: FORD ELLIOTT, P.J., STEVENS, MUSMANNO, ORIE MELVIN, LALLY–GREEN, KLEIN, BENDER, GANTMAN and PANELLA, JJ.

OPINION BY KLEIN, J.:

¶ 1 Plaintiff Dolores Tarzia appeals from an order granting summary judgment against her and in favor of Defendant American Standard, Inc. in her lawsuit filed alleging that her late husband, Cosimo Tarzia ("Tarzia") died of lung cancer caused by exposure to certain asbestos containing products. Specifically, the relevant claim here is that the lung cancer was in part caused from asbestos exposure to "Cobra" railroad brake linings through his employment as a Conrail railroad worker from 1976 through 1985. The trial court found that there was insufficient evidence to demonstrate causality. American Standard also claimed there was insufficient evidence to show that Tarzia was exposed to Cobra brake linings distributed by American Standard, We agree that there was insufficient evidence to show causality and therefore affirm.

¶ 2 The testimony was primarily from a co-worker, Terry Vienna, who worked alongside Tarzia for many years. Essentially, his testimony was not that he or Tarzia themselves worked with brake linings of any kind, but would just run across them when there was a derailment or a wreck.

¶ 3 The testimony fails to provide sufficient evidence to withstand summary judgment. There was no showing that there was any significant exposure to asbestos from *any* brake linings. The only time the workers would come in contact with brake linings was following a derailment or when one of them might pick up a brake shoe and throw it, thereby cracking it. There is no showing that even if the cracked brake shoes gave off dust when they landed and broke, that Tarzia was close enough to have any exposure. Any encounter Tarzia would have had with a brake shoe would have been in the open air, not in a confined space. The summary judgment was properly granted.[1] A full discussion follows.

¶ 4 Plaintiff failed to demonstrate that whatever brake shoes Tarzia was exposed to contained asbestos. In the recent case of *Gregg v. V–J Auto Parts,* —— Pa. ——, 943 A.2d 216 (2007), the Pennsylvania Supreme Court reversed this Court's reversal of a trial court grant of summary judgment. In *Gregg,* the Supreme Court essentially adopted the *Eckenrod*[2] test in determining whether a person has been exposed to asbestos, frequency, regularity and proximity must be considered. *Gregg,* at 225. The Supreme Court said:

> In summary, we believe that it is appropriate for courts, at the summary judgment stage, to make a reasoned assessment concerning whether, in light of the evidence concerning frequency, regularity, and proximity of a plaintiff's/decedent's asserted exposure, a jury would be entitled to make the necessary inference of a sufficient causal connection between the defendant's product and the asserted injury.

*Gregg,* at 227. The Supreme Court also said that a mere generalized opinion of an

---

1. In reviewing a grant of summary judgment, we are to determine whether there has been an abuse of discretion or error of law. *Grieff v. Reisinger,* 548 Pa. 13, 693 A.2d 195 (1997). Our scope of review is plenary and we examine the record in the light most favorable to the moving party. *Albright v. Abington Mem. Hosp.,* 548 Pa. 268, 696 A.2d 1159 (1997). Finally, for the purposes of summary judgment, the trial court is required to accept all well pled fact relevant to the issues and all doubts as to the existence of a genuine issue of material fact must be resolved in favor of the non-moving party, who is to be given the benefit of all reasonable inferences. *Taylor v. Tukanowicz,* 290 Pa.Super. 581, 435 A.2d 181 (1981).

2. *Eckenrod v. GAF Corp.,* 375 Pa.Super. 187, 544 A.2d 50 (1988).

expert is not enough to create a jury question.

¶ 5 In this case, the relevant evidence of exposure was provided by Terry Vienna, a co-worker of Tarzia. Vienna testified in his deposition as follows:

Question: When you had the discovery deposition earlier today, did you mention any other specific parts that you saw around the tracks when you were working with Mr. Tarzia? [3]

Answer: Certain parts? Like I said, it could be anything. Brake shoes, couplers.

Question: All right.

Answer: Dust flying around, just by walking and kicking. It would be chewed up.

Question: You say you saw brake shoes. Do you remember the color of any of the brake shoes that you saw?

Answer: It would vary. It depends on whatever. You had your gray, red, black, worn out ones that you couldn't even tell the color of.

Question: And did you ever see brake shoes on or about the tracks even when there wasn't a wreck or derailment?

Answer: Oh, yes, you'd see them.

Question: And would they sometimes get in your way when you were working out there on the tracks?

Answer: Oh, yeah, yes, they would.

Question: How would you get rid of them?

Answer: Pick them up, throw them.

Question: And did Mr. Tarzia do that too?

Answer: Oh, yes.

N.T. Deposition Vienna, 1/26/05, at 23–24.

Question: Okay, when the brake shoes were thrown and handled, did that give off dust too?

Answer: Oh, yeah.

Question: What, if anything, happened when the brake shoes were picked up and thrown and handled?

Answer: What, if anything, would happen?

Question: Yeah, what would happen to them? What would you see?

Answer: Generally, when you threw them and they were more or less wore out really good, you could break them. Watch them break, watch them crack.

Question: Okay. What would you see when that happened?

Answer: Chips and pieces flying. I don't know, could be dust or anything. I don't know.

Question: Okay. It would depend.

Answer: It would depend.

Question:—on the given time. Now did there come a time when—strike that. Do you know what, if any, asbestos products were contained in the locomotives?

Answer: Do I know of any that was kept in the locomotives?

Question: Or any that—any asbestos parts that were used on the locomotives, do you know that personally from your own knowledge?

Answer: No, sir.

Question: And do you know about the brake shoes or welding rods as to whether they had asbestos in them?

---

**3.** The full deposition transcripts for Vienna have not been made part of the official record. We are quoting from the excerpts provided in the motion for summary judgment and response thereto. It appears that Vienna gave both discovery and trial deposition on the same date, which accounts for different testimony with the same page number. It is not always clear from the excerpt who is asking the questions.

Answer: No, sir.

*Id.* at 26–7.

Vienna also testified to the following:

Question (Mr. Santoro): Do you know what types of products Mr. Tarzia would have personally worked with that contained asbestos?

Answer: Well, gloves, coat, brake shoes. There was—I don't know what you consider as far as our building even we worked in where the old pipes were just cloth wrapped and it was just—that was crap, I'm sorry. I believe that had to be a lot of asbestos in that stuff and in the engine round house, the round house where the engines are.

N.T. Deposition Vienna at 24.

Question: Did Mr. Tarzia ever have to personally work with brake shoes?

Answer: No, sir.

Question: Under what circumstances would he be exposed to brake shoes?

Answer: Whenever we had a derailment or wreck and the cars are all over the place and the stuff was all over the place.

Question: And how often would that occur?

Answer: Oh boy, we had good times. It could have been—boy, we used to have a lot of derailments. I would say we had a lot of them.

*Id.* at 25.

Question: Do you know the manufacturer of any of the brake shoes that Mr. Tarzia may have come into contact with over the years?

Answer: No, sir.

*Id.* at 27.

Question: Do you know if the brake shoes on these trains contained asbestos?

Answer: No, sir, I don't know.

Question: Do you know if anything on the trains contained asbestos?

Answer: No, sir.

*Id.* at 34.

Question (Mr. Reich): And what did you say you saw when you were out there with Mr. Tarzia and you would see these brake shoes, what kinds—what do you remember about them?

Answer: Just plain wore out.

Question: Okay, but do you remember what kind of color? You wrote down here on—what did you write there?

Answer: Well, red, gray, and black ones. They would be more or less like probably the ones you might see very, very few out along the track, but these would be probably ones that would be where you would be walking by because you knew you had to work in that area and, you know, that way.

Question: And that is why you wrote that down there—

Answer: Yes, sir.

Question: On that sheet, okay. With regard to—do you know if the brake shoes, which of the brake shoes, if any, of them has asbestos in them?

Answer: I couldn't tell you, sir.

*Id.* at 44–45.

¶ 6 This testimony shows that Tarzia did not usually work with brake shoes, but did come into contact with them ("very, very few") along the railroad tracks (Deposition at 44), and when there was a derailment ("a lot of derailments") (Deposition at 25). At the derailments there would be dust (Deposition at 23). When the brake shoes were worn out "really good," they would break when thrown (Deposition at 26). The brake shoes were red, gray or black, although when the shoes were worn out it would be difficult or impossible to tell what color they were (*Id.*). Thus, it appears

that brake shoes that would break when thrown could not be identified by color.

¶ 7 Although Vienna once testified that he was aware of brake shoes containing asbestos (Deposition at 24), he also testified that he was unaware if the brake shoes that Tarzia came into contact with contained asbestos (Deposition at 34, 45). Further, Vienna could not identify, other than saying that some brake shoes were red while others were gray or black, who manufactured the brake shoes (Deposition at 27).

¶ 8 From the totality of the evidence presented, the record supports the conclusion that some red brake shoes contain asbestos. The record also shows that Tarzia came into contact with some red brake shoes during his work on derailments. During this work, there was dust being kicked up. The record also supports the claim that Tarzia came into contact with red brake shoes while walking along the tracks and that worn out brake shoes would crack and break when thrown. However, there is nothing in the record to show what company manufactured any of the brake shoes Tarzia came into contact with, whether those shoes were red, gray, black or worn out. There is nothing in the record to show whether any of the brake shoes Tarzia came into contact with even contained asbestos.

¶ 9 This evidence simply does not present a jury with a genuine issue of material fact regarding exposure to asbestos laden brake shoes which were manufactured/supplied by Cobra/American Standard. Plaintiff here cannot demonstrate with any degree of confidence or certainty the frequency, regularity or proximity that Tarzia was exposed to any product from Cobra/American Standard. *See Gregg, supra; Eckenrod, supra.*

¶ 10 Because of our finding, we need not reach the issue as to whether the testimony that Cobra brake linings were red and contained asbestos was sufficient to survive summary judgment on whether the Cobra brake shoes were the *only* red brake linings on the market at the relevant times and which Tarzia may have come into contact with that contained asbestos.

¶ 11 Judgment affirmed.

¶ 12 PANELLA, J., notes his dissent.