**Herold v. Janus**

C.P. of Lawrence County, No. 10177 of 2013

*Leo M. Stepanian*, for plaintiff.
*George M. Freed*, for defendant.

COX, *J.*, December 3, 2013—Before the court for disposition is the motion to dismiss filed on behalf of the defendant Debra Janus, which argues that the plaintiff's claims should be dismissed as they were filed after the expiration of the applicable statutes of limitations.

On May 29, 1991, the plaintiff Jennifer Herold was injured while riding as a passenger in an automobile driven by Ronald J. Pell. At the time of the accident, the Plaintiff was nine years old as she was born on June 8, 1981. The defendant, who is the plaintiff's mother, who

was unrepresented by counsel, negotiated a settlement with State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") on the plaintiff's behalf, which resulted in State Farm paying $7,500.00. Due to the plaintiff's young age, court approval was necessary and was granted on March 13, 1992. The order of court approving the settlement stated, "it is further ordered that the settlement in the sum of $7,500.00 shall be deposited in Dollar Savings & Loan Association in the name of Jennifer Lynch in a restricted account and shall not be withdrawn until the minor reaches the age of 18 or until further order of court."

The defendant did not petition to have any of the funds withdrawn, yet the plaintiff did not receive any of those funds upon reaching the age of 18. The plaintiff now alleges that the defendant converted those funds for her own personal use in violation of the order of court dated March 13, 1992. As a result, the plaintiff filed suit on February 26, 2013, asserting claims of conversion and civil contempt. The defendant filed preliminary objections under Pa.R.C.P. Rule No. 1028, which were denied by President Judge Dominick Motto on August 13, 2013. The defendant subsequently filed an answer to plaintiff's complaint and new matter on August 29, 2013, which raised several affirmative defenses, including the defense of statute of limitations.

On September 26, 2013, the defendant filed a motion to dismiss asserting that the plaintiff's claims are barred by the applicable statutes of limitations. This court scheduled a hearing for November 5, 2013. At that hearing, the plaintiff, the defendant and Karen Cwynar, the defendant's sister, testified. The plaintiff testified that she remembered

going to court as a child, but did not become aware of the settlement until 2009, when she was instructed by the Pell family to get a copy of the order of court concerning the settlement. In addition, the plaintiff explained that she entered into an article of agreement to purchase a residence from the defendant; however, in 2009, she got into an argument with the defendant because the defendant obtained a mortgage on that residence. In a strongly worded letter, the plaintiff informed the defendant that she was aware of the settlement and that the defendant kept the funds instead of placing them in an account for the plaintiff. Conversely, the defendant testified that she was not informed that the settlement funds were to be placed in a separate account for the plaintiff, so she utilized that money to purchase an automobile. The defendant also stated her belief that she received the letter from the plaintiff in 2008, as the defendant had recently paid an overdue electric bill on the plaintiff's behalf in October of 2008, and the letter was received shortly thereafter. Karen Cwynar testified that the defendant informed her that she purchased a vehicle with the money received from the plaintiff's settlement.

The court must now address whether the claims filed by the plaintiff for conversion and civil contempt should be dismissed for failure to file suit prior to the expiration of the applicable statutes of limitations.

Although, the defendant has filed a motion to dismiss, the court will treat the same as a motion for summary judgment. The purpose of the summary judgment rule is to eliminate cases prior to trial where a party cannot make out a claim or defense after the relevant discovery has been completed. *Miller v. Sacred Heart Hospital*, 753 A.2d 829

(Pa. Super. 2000). The mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for a trial. The summary judgment rule exists to dispense with a trial of a case or, in some matters, issues in a case, where a party lacks the beginnings of evidence to establish or contest a material issue. *Ertel v. Patriot-News Company*, 544 Pa. 93, 674 A.2d 1038 (1996), *reargument denied*, (1996), *certiorari denied*, 519 U.S. 1008 (1996).

Any party may move for summary judgment in whole or in part as a matter of law whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report or if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. Pa.R.C.P. No. 1035.2. However, summary judgment is only appropriate when discovery relevant to the motion has been completed. *Id.* Summary judgment may be granted only in cases where it is clear and free from doubt that there is no genuine issue as to any material fact and that the moving party is entitled to a summary judgment as a matter of law. *Kafando v. Erie Ceramic Arts Co.*, 764 A.2d 59, 61 (Pa. Super. 2000) (citing *Rush v. Philadelphia Newspaper, Inc.*, 732 A.2d 648, 650-651 (Pa. Super. 1999)).

The moving party bears the burden of proving the non-existence of any genuine issue of material fact. *Kafando, supra.* A material fact, for summary judgment purposes, is

one that directly affects the outcome of the case. *Gerrow v. Shincor Silicones, Inc.*, 756 A.2d 697 (Pa. Super. 2000); *Kuney v. Benjamin Franklin Clinic*, 751 A.2d 662 (Pa. Super. 2000). The non-moving party must adduce sufficient evidence on issues essential to his case on which he bears the burden of proof such that a jury could return a verdict in his favor. Failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Ertel, supra.* The non-moving party must demonstrate that there is a genuine issue for trial and may not rest on averments in its pleadings. *DeSantis v. Frick Company*, 745 A.2d 624 (Pa. Super. 1999); *Merriweather v. Philadelphia Newspaper, Inc.*, 453 Pa. Super. 464, 469-472, 684 A.2d 137, 140 (1996).

When determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hughes v. Seven Springs Farm, Inc.*, 563 Pa. 501, 752 A.2d 339 (2000); *Dean v. Commonwealth Department of Transportation*, 561 Pa. 503, 751 A.2d 1130 (2000). Summary judgment is proper only when the uncontroverted allegations in the pleadings, depositions, answers to interrogatories, admissions of record, and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. *P.J.S. v. Pennsylvania State Ethics Comm'n*, 555 Pa. 149, 153, 723 A.2d 174, 175 (1999); *Basile v. H&R Block*, 761 A.2d 1115 (Pa. Super. 2001); *Kuney v. Benjamin Franklin Clinic*, 751 A.2d 662 (Pa. Super. 2000); *Stevens Painton*

*Corporation v. First State Insurance Company*, 746 A.2d 649 (Pa. Super. 2000).

Only when the facts are so clear that reasonable minds cannot differ, a trial court may properly enter summary judgment. *Basile, supra*. If there are no genuine issues of material fact in dispute or if the non-moving party has failed to state a *prima facie* case, summary judgment may be granted. *Dudley v. USX Corporation*, 414 Pa. Super. 160, 606 A.2d 916 (1992). Thus, a proper grant of summary judgment depends upon an evidentiary record that either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a prima facie cause of action or defense. *Rauch v. Mike-Mayer*, 783 A.2d 815 (Pa. Super. 2001). The trial court must confine its inquiry when confronted with a motion for summary judgment to questions of whether material factual disputes exist. *Township of Bensalem v. Moore*, 152 Pa. Cmwlth. 540, 620 A.2d 76 (1993). It is not the function of the Court ruling on a motion for summary judgment to weigh evidence and to determine the truth of the matter. *Keenheel v. Pennsylvania Securities Commission*, 143 Pa. Cmwlth. 494, 579 A.2d 1358 (1990).

The plaintiff has filed claims for conversion and civil contempt. A two-year statute of limitations applies to "Any...proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortuous conduct or any other action or proceeding sounding in trespass, including deceit or fraud." 42 Pa.C.S.A. §5524(7). In addition, a six-year statute of limitations applies to "Any civil action or proceeding which is neither subject to another limitation specified in this subchapter." 42 Pa.C.S.A. §5527(b).

The general rule for computing time is the statutory period commences from the time the cause of action accrued. 42 Pa.C.S.A. §5502(a). Typically, the statute of limitations begins tolling when the injury is inflicted or the right to institute and maintain the suit arises. *Fine v. Checcio*, 582 Pa. 253, 266, 870 A.2d 850, 857 (2005) (citing *Kapil v. Association of Pa. State College and Univ. Faculties*, 504 Pa. 92, 470 A.2d 482, 485 (1983); *Pocono International Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 468 A.2d 468, 471 (1983)). However, the discovery rule alters this concept in cases where the injury or its causes were not known or reasonably knowable. *Fine*, 582 Pa. at 266, 870 A.2d at 858 (citing *Lewey v. H.C. Frick Coke Co.*, 166 Pa. 536, 31 A. 261 (1895)). "The purpose of the discovery rule has been to exclude from the running of the statute of limitations that period of time during which a party who has not suffered an immediately ascertainable injury is reasonably unaware he has been injured, so that he has essentially the same rights as those who have suffered such an injury." *Id.* (citing *Hayward v. Medical Center of Beaver County*, 530 Pa. 320, 608 A.2d 1040, 1043 (1992)). The discovery rule halts the commencement of the statute of limitations period until the discovery of the injury is reasonably possible. *Dalrymple v. Brown*, 549 Pa. 217, 223, 701 A.2d 164, 167 (1997) (citing *Hayward*, 530 Pa. at 325, 608 A.2d at 1043). That is an equitable rule that excludes the period of time during which the injured party is reasonably unaware that the injury has been sustained. *Id.* "As a matter of general rule, a party asserting a cause of action is under a duty to use all reasonable diligence to be properly informed of the facts and circumstances upon which a potential right of recovery is based and

to institute suit within the prescribed statutory period." *Pocono International Raceway, Inc.*, 503 Pa. at 84, 468 A.2d at 471 (citing *Walters v. Ditzler*, 424 Pa. 445, 450-451, 227 A.2d 833, 835 (1967); *Taylor v. Tukanowicz*, 290 Pa. Super. 581, 435 A.2d 181 (1981); *Med-Mar, Inc. v. Dilworth*, 214 Pa. Super. 402, 257 A.2d 910 (1969)). "A court presented with an assertion of applicability of the 'discovery rule' must, before applying the exception of the rule, address the ability of the damaged party, exercising reasonable diligence, to ascertain the fact of a cause of action." *Id.*, 503 Pa. at 85, 468 A.2d at 471.

In the case *sub judice*, the plaintiff received a monetary award in a settlement on March 13, 1992, arising from a car accident that occurred on May 29, 1991, while she was a passenger in a vehicle driven by Ronald J. Pell. At the time of the settlement, the plaintiff was nine years old as she was born on June 8, 1981. The defendant negotiated the settlement with State Farm on behalf of the plaintiff and the defendant received the settlement check for $7,500.00 after being granted court approval, which was necessary due to the plaintiffs age at the time. The order of court granting approval stated, "it is further ordered that the settlement in the sum of $7,500.00 shall be deposited in Dollar Savings & Loan Association in the name of Jennifer Lynch in a restricted account and shall not be withdrawn until the minor reaches the age of 18 or until further order of court." The defendant did not petition to have any of the funds withdrawn, yet the plaintiff did not receive any of those funds upon reaching the age of 18.

The plaintiff has filed claims for conversion and civil contempt on February 26, 2013. Conversion is an intentional tort that is constrained to a two-year statute

of limitations in accordance with 42 Pa.C.S.A. §5524(7). Civil contempt is subject to a six-year statute of limitations as governed by 42 Pa.C.S.A. §5527(b) because it is a civil action that is not governed by any other statute of limitations. *See Bullock v. Bullock*, 432 Pa. Super. 643, 649, 639 A.2d 826, 829 (1994). The court held a hearing to determine whether the plaintiff violated those statutes of limitations by failing to timely file her claims. The plaintiff testified that she remembered going to court as a child, but was not aware of the settlement until 2009 when she was instructed by members of the Pell family to retrieve a copy of the order of court. In addition, the plaintiff explained that she entered into an article of agreement to purchase a residence from the defendant; however, in 2009, she got into an argument with the defendant because the defendant obtained a mortgage on that residence. At that time, according to the plaintiff, she wrote a strongly worded letter informing the defendant that she was aware of the settlement and that the defendant kept the funds instead of placing them in an account for the plaintiff. Conversely, the defendant testified that she was not informed that the settlement funds were to be placed in a separate account for the plaintiff, so she utilized that money to purchase an automobile. The defendant also stated that she believes she received the letter from the plaintiff in 2008, as the defendant had recently paid an overdue electric bill on the plaintiff's behalf in October of 2008, and the letter was received shortly thereafter. Karen Cwynar testified that the defendant informed her that she purchased a vehicle with the money received from the plaintiff's settlement.

The court must first note that the statute of limitations did not commence upon the defendant utilizing the

settlement money to purchase a vehicle because the plaintiff was an unemancipated minor, who had to assert a claim against her parent. According to 42 Pa.C.S.A. §5533(b), the period of minority is excluded from the time period for calculating the expiration of the statute of limitations. For the time subsequent to the plaintiff reaching the age of 18, it is apparent that the discovery rule applies as the defendant received the settlement on behalf the plaintiff, who was not aware of its existence. As such, the statute of limitations period did not commence until the plaintiff became aware or reasonably could have become aware of the settlement with the exercise of due diligence. According to the plaintiff's testimony, she was aware of the settlement in 2009 when she was informed by the Pell family that the settlement existed and that she should obtain a copy of the order of court approving the same. It must be noted that the defendant stated the plaintiff became aware of the settlement in 2008 as that is when the plaintiff sent her the strongly worded letter. The court is required to decide this matter based upon the plaintiff's testimony in accordance with the aforementioned standards for determining a motion for summary judgment. In addition, the discrepancy in their testimony does not alter the court's decision in this matter as this case was not filed until February 26, 2013. According to the plaintiff's testimony at the hearing concerning this motion to dismiss, the statute of limitations expired in 2011 for the plaintiff's conversion claim. Clearly, the two-year statute of limitations for the plaintiff's conversion claim expired prior to suit being filed on February 26, 2013, and the same must be dismissed. Conversely, the six-year statute of limitations period for civil contempt claim did not elapse prior to the filing of the plaintiff's complaint on

February 26, 2013, as the expiration date for that statute of limitations period, if the plaintiff's testimony is accepted as true, would have been some time in 2015.

For the reasons set forth in this opinion, the defendant's motion to dismiss is granted in part and denied in part. The plaintiff's claim for conversion is dismissed as it violates the statute of limitations, however, the plaintiff has timely filed her claim for civil contempt.

## ORDER OF COURT

Now this 3rd day of December, 2013, this case being before the court on November 5, 2013, for a hearing on the motion to dismiss filed by the defendant, with both parties appearing, the plaintiff Jennifer Herold, represented by counsel, Leo M. Stepanian, II, Esquire and the defendant Debra Janus, represented by counsel, George M. Freed, Esquire and after a hearing held, the court enters the following order and it is hereby ordered, adjudged and decreed as follows:

1. In accordance with the attached opinion, the motion to dismiss count I-conversion of the complaint is hereby granted.

2. Count I-conversion of the complaint is hereby dismissed with prejudice.

3. In accordance with the attached opinion, the motion to dismiss regarding count II-civil contempt is hereby denied.

4. The prothonotary is directed to serve a copy of this order of court and opinion upon counsel of record, Leo M. Stepanian, II, Esquire and George M. Freed, Esquire.