J-A23028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ADA AND CHARLES BENNICOFF, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LEHIGH COUNTY AGRIC. SOC. | : | No. 420 EDA 2017 |

Appeal from the Order Entered December 27, 2016
In the Court of Common Pleas of Lehigh County
Civil Division at No.: 2015-C-3346

BEFORE: PANELLA, J., DUBOW, J., and FITZGERALD, J*

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 27, 2017**

In this negligence action, Ada and Charles Bennicoff ("Appellants"), wife and husband, appeal from the Order entered in the Lehigh County Court of Common Pleas granting summary judgment in favor of Appellee, Lehigh County Agricultural Sociey ("LCAS"). After careful review, we affirm.

On March 6, 2015, Appellants drove their truck to "Ag Hall" located in the Agricultural Fairgrounds in Allentown owned by LCAS. Two days earlier it had snowed, and there were patches of ice in the parking lot. Charles avoided one portion of the parking lot covered in ice, and found a parking spot in an area of the lot that was not icy. Charles immediately exited the truck and walked toward the main building without incident ahead of his wife. Ada exited the truck and took a few steps on dry pavement toward the front of the car. When she got to the front of the truck, after 3-4 steps, Ada

_____
* Former Justice specially assigned to the Superior Court.

slipped and fell on a white-gray patch of ice, breaking a small bone in her ankle.

On October 29, 2015, Appellants filed a Complaint against LCAS alleging Negligence and Loss of Consortium. Appellants claimed that LCAS left the icy parking lot untreated following inclement weather.

Discovery proceeded with interrogatories, and both Ada and Charles attended depositions. In her deposition, Ada explained how she saw the patch of ice before stepping onto it, but decided to walk on it anyway because she "thought [she] wouldn't fall." R.R. at 91 (Ada Benicoff Deposition, 4/25/16, at 47).

LCAS filed a Motion for Summary Judgment on September 21, 2016, arguing that Appellants had failed to demonstrate a *prima facie* case of negligence because there was no evidence that LCAS owed a duty to Ada. Since Ada observed the ice and decided to step on it anyway, LCAS argued that she assumed the risk of her actions because the danger was both obvious and avoidable. LCAS further averred that the evidence showed that Charles' route constituted an "alternative path" that Ada did not use, so the danger of the ice was clearly avoidable.

Appellants subsequently submitted an Affidavit by Ada, which stated, in relevant part, that the truck was surrounded by ice in a way that Ada could not avoid the ice to get into the building at Ag Hall. Ada specifically claimed that there was no safe alternative route.

On December 27, 2016, the trial court granted LCAS's Motion for Summary Judgment finding that the danger of slipping on the ice was obvious, Ada was aware of the risk, and Ada assumed the risk when she stepped onto the ice believing she would not fall. *See* Trial Court Opinion, 12/27/16, at 5-7. The trial court described how Ada's Affidavit directly contradicted her previous deposition testimony, and found that Ada's Affidavit was not credible. *Id.* at 5-6 n.1.

Appellants filed a timely Notice of Appeal. Appellants and the trial court complied with Pa.R.A.P. 1925.

Appellants present four issues for our review:

I. Whether or not the [Ada's] affidavit is contradicted by her deposition testimony?

II. Whether or not there is even a scintilla of evidence that there was an "alternate safe pathway["] for [Ada] to take to go from the parking lot to the building once she was out of the vehicle?

III. Whether or not testimony by [Ada] that she knowingly stepped on ice is insufficient to prove obvious [*sic*] and avoidability required for assumption of risk?

IV. Whether or not the "alternate path" is an articulation of assumption of risk in "slip and fall" cases?

Appellants' Brief at 3.

"Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion." ***Englert v. Fazio***

***Mechanical Services, Inc.***, 932 A.2d 122, 124 (Pa. Super. 2007) (citation and quotation omitted). "To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record." ***Summers v. Certainteed Corp.***, 997 A.2d 1152, 1159 (Pa. 2010) (citation omitted).

Pa.R.C.P. No. 1035.2 provides that a party may move for summary judgment, after the relevant pleadings are closed, whenever the record clearly demonstrates that there is no genuine issue of any material fact as to a necessary element of the cause of action or defense that could be established by additional discovery or an expert report. ***See*** Pa.R.C.P. No. 1035.2(1)-(2). "[W]here the record clearly demonstrates that there is no genuine issue of material fact[,] . . . the moving party is entitled to judgment as a matter of law." ***Summers***, ***supra*** at 1159 (citation and quotation omitted).

"When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party." ***Id.*** (citation omitted). "In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt." ***Id.*** (citation and internal quotation marks omitted).

To establish a *prima facie* case in a negligence action sufficient to withstand a motion for summary judgment, "a plaintiff must establish (1) that [she] was owed a duty of care, (2) that the duty was breached, (3) that [she] was injured, and (4) that [her] injuries were proximately caused by the breach of duty." **Summers v. Giant Food Stores, Inc.**, 743 A.2d 498, 506 (Pa. Super. 1999) (*en banc*) (citations omitted).

"The standard of care a possessor of land owes to one who enters upon the land depends upon whether the person entering is a trespasser, licensee, or invitee." **Carrender v. Fitterer**, 469 A.2d 120, 123 (Pa. 1983). "An invitee must demonstrate that the proprietor deviated from its duty of reasonable care owed under the circumstances." **Campisi v. Acme Mkts. Inc.**, 915 A.2d 117, 119 (Pa. Super. 2006) (citation omitted). "Thus, the particular duty owed to a business invitee must be determined on a case-by-case basis." **Id.** **See also** Restatement (Second) of Torts §§ 343, 343A cmt. e (1965).

"When an invitee enters business premises, discovers dangerous conditions which are both obvious and avoidable, and nevertheless proceeds voluntarily to encounter them, the doctrine of assumption of risk operates merely as a counterpart to the possessor's lack of duty to protect the invitee from those risks." **Longwell v. Giordano**, 57 A.3d 163, 167 (Pa. Super. 2012) (citation and quotation omitted). "By voluntarily proceeding to encounter a known or obvious danger, the invitee is deemed to have agreed

to accept the risk and to undertake to look out for himself." *Id.* "It is precisely because the invitee assumes the risk of injury from obvious and avoidable dangers that the possessor owes the invitee no duty to take measures to alleviate those dangers." *Id.*

In their first issue, Appellants argue that the trial court "intentionally ignored" Ada's Affidavit after erroneously determining that her Affidavit contradicted her deposition testimony. Appellants' Brief at 11. After asserting that the trial court failed to "show the contradiction between the Affidavit and deposition testimony[,]" Appellants recite nine excerpts to show the similarity of Ada's Affidavit and deposition testimony. *Id.* at 11-12. Appellants also claim that LCAS's counsel failed to question Ada about whether there was a safe alternate pathway across the parking lot to Ag Hall. *Id.* at 12.

A trial court may disregard an affidavit filed in connection with a motion for summary judgment when the affidavit is not "wholly credible." ***Gruenwald v. Advanced Computer Applications, Inc.***, 730 A.2d 1004, 1009 (Pa. Super. 1999). This Court has repeatedly declined to find an abuse of discretion where a trial court discounts affidavits in which an opposing party contradicts prior deposition testimony in an effort to overcome summary judgment. ***See Stephens v. Paris Cleaners, Inc.***, 885 A.2d 59 (Pa. Super. 2005) (no abuse of discretion in grant of summary judgment where trial court disregarded affidavit that contradicted earlier deposition

testimony); *Gruenwald*, *supra* at 1009 (trial court may disregard affidavit sworn in response to summary judgment motion when it directly contradicts fact and court therefore finds it not wholly credible); *Lucera v. Johns-Manville Corp.*, 512 A.2d 661, 667 (Pa. Super. 1986) (no abuse of discretion by trial court in disregarding affidavit where affidavit was not "wholly credible"); *Taylor v. Tukanowicz*, 435 A.2d 181, 183-84 (Pa. Super. 1981) ("Entry of summary judgment is proper where . . . the evidence relied upon by the plaintiff is inherently incredible.").

In this case, Ada stated in her deposition that she observed the patch of ice while standing on dry pavement and then proceeded to step onto the ice because she "thought [she] wouldn't fall." R.R. at 91 (Ada Benicoff Deposition, 4/25/16, at 47). Ada also stated that Charles parked the truck in an area that was not covered in ice. Despite this clear testimony, along with Charles' testimony that he parked on dry pavement and had no trouble walking to Ag Hall, Ada's subsequent Affidavit directly contradicted this critical testimony by claiming that there was no alternative safe pathway to Ag Hall because "the entire area that encircled the truck was covered with ice." R.R. at 71 (Ada Benicoff Affidavit, dated 10/3/16, at ¶9). We agree with the trial court that Ada's Affidavit contradicted her deposition. Accordingly, the court was within its discretion to disregard Ada's inconsistent Affidavit. Thus, we conclude that there is no merit to Appellants' contention.

In their second issue, Appellants aver that LCAS "did not meet the threshold of 'avoidability' necessary" because there was not "even a scintilla of evidence that there was an alternate safe pathway" for Ada to walk to Ag Hall. Appellants' Brief at 12, 17.

Contrary to the averment, Ada could have avoided the ice patch and chose instead to step on it. The undisputed evidence showed that Charles exited the truck and walked toward the entrance to Ag Hall without incident. Ada also exited the truck where there was no ice or slippery condition and took three to four steps on dry pavement without incident. **See** Trial Court Op., dated 12/27/16, at 6. As she stated in her deposition, she clearly observed the ice, appreciated the risks of stepping on it, and nonetheless chose to walk on it when she could have taken an alternate path, either by following Charles or choosing to step around the obvious ice patch. She, thus, assumed the known risk when she clearly could have avoided it. **See Ott v. Unclaimed Freight Co.**, 577 A.2d 894 (Pa. Super. 1990) (holding that the plaintiff had assumed risk of crossing the icy parking lot where an alternative route was available and plaintiff admitted the path across the ice was shorter). This issue is without merit.

In their third issue, Appellants generally contend that "[m]erely stepping on ice is insufficient to apply the assumption of risk doctrine." Appellants' Brief at 19.

Appellants' misleading and general assertion omits key facts upon which the trial court relied in properly applying the assumption of risk doctrine to the instant facts. The record shows, as stated **supra**, that not only did Ada observe and identify the icy parking lot conditions, but Ada also specifically observed and identified the specific patch of ice upon which she stepped before slipping. Ada testified that she decided to walk on the ice anyway because she "thought [she] wouldn't fall." R.R. at 91 (Ada Benicoff Deposition, 4/25/16, at 47). She, thus, assumed the risk. Appellants are not entitled to relief with regard to this claim of error.[1]

In their fourth issue, Appellants essentially rehash their second issue by stating that "[t]here is no evidence of a safe pathway which would have taken [Ada] from the parking area to the Sportsman Show." Appellants' Brief at 20. We disagree, and need not repeat our analysis of that issue. To the extent the framing of the question suggests an alternate legal theory, Appellants do not develop this or any other legal theory in any meaningful way in their Brief. As a result, Appellants' claim is unreviewable and, thus, waived. **See Commonwealth v. McDermitt**, 66 A.3d 810, 814 (Pa. Super. 2013) ("It is a well settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal.").

_____

[1] Appellants cite several cases but do not attempt to explain how their cited cases support their argument. **See** Pa.R.A.P. 2119(a) (The argument shall include "discussion and citation of authorities").

In sum, the trial court did not err as a matter of law or abuse its discretion in granting LCAS's Motion for Summary Judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/27/2017